(83 App. Div. 290.)

### BOESSNECK et al. v. ISELIN et al.

(Supreme Court, Appellate Division, First Department.    May 8, 1903.)

1. TRADE-MARKS—SIMULATION.

There is no such similarity in name between "Yama-Mai" and "Mamie," as used in trade-marks, as to justify the issuance of an injunction in favor of the owners of the former against the use of the latter, where there was no similarity in label, and no showing that the latter was adopted with the intent of interfering with plaintiffs' business, or of inducing the public to suppose that goods having the latter trade-mark were the goods manufactured by plaintiffs.

Appeal from Special Term, New York County.

Action by Hugo E. Boessneck and others against William E. Iselin and others. From an order denying a motion for a temporary injunction, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Mark H. Ellison, for appellants.

Benno Loewy, for respondents.

INGRAHAM, J. Upon the verified complaint and affidavits, the plaintiffs made a motion, upon an order to show cause, for a temporary injunction. It would appear that upon the return day of the order to show cause the defendants did not appear, but, notwithstanding their default, the court refused to grant the injunction, and from the order entered thereon the plaintiffs appeal; the defendants appearing upon the appeal, and insisting that the plaintiffs' case did not justify the court in granting this temporary injunction.

The action is brought to enforce a trade-mark adopted by the plaintiffs to designate silks manufactured by them. This trade-mark consists of the words "Yama-Mai," and the alleged infringement is in the use of the words "Ma-mie" adopted by the defendants to identify silks manufactured by them. There is no similarity of label averred; the plaintiffs relying solely upon an alleged similarity of names, with evidence that, when the goods manufactured by one of the parties of the action were asked for at retail stores, the goods manufactured by the other party were offered, and statements made by the salesmen that the goods were the same, and that it was a mere mistake in the pronunciation of the name. There is no similarity in the names adopted, either in spelling or pronunciation. To justify the interposition of a court of equity, it must appear that the plaintiffs' trade-mark has been simulated, and there is nothing in these papers to show such a simulation as would entitle the plaintiffs to an injunction. There is nothing to show that the name was adopted by the defendants with the intent of interfering with the plaintiffs' business, or inducing the public to suppose that the goods manufactured by the defendants were the goods manufactured by the plaintiffs, and nothing, therefore, to justify a finding that there is any unfair business competition.

We do not wish to foreclose the action of the court upon the trial, as other facts may then appear which would justify a judgment in

favor of the plaintiffs; but, upon the facts appearing before the Special Term, we think the court was justified in refusing to grant a preliminary injunction.

It follows that the order appealed from should be affirmed, with $10 costs and disbursements. All concur; LAUGHLIN, J., in result.